**Robert HUDSON, Plaintiff–Appellant,**

v.

**T. HEDGE and City of Indianapolis, Defendants–Appellees.**

**No. 93–2037.**

United States Court of Appeals, Seventh Circuit.

Argued June 3, 1994.

Decided June 17, 1994.

---

Before FAIRCHILD, CUMMINGS, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Indiana is giving Robert Hudson the runaround. The Indianapolis police did not honor a court order in his favor. Ever since, public officials have been blaming each other; none is willing to make good the loss. Hudson seeks federal relief.

■ Police seized some of Hudson's property, worth approximately $500, when they arrested him. After the conclusion of the state criminal proceeding, the judge ordered the police to return the property. But Indianapolis was not a party to the criminal case, and apparently none of the lawyers bothered to tell the City about the order. Writing from his cell, Hudson tried to track down the property but found that prisoners' complaints do not receive much attention. So he filed a suit in federal court under 42 U.S.C. § 1983, contending that the police had deprived him of his property without due process of law. Citing *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), Judge McKinney denied Hudson's application to proceed *in forma pauperis* and dismissed the case as frivolous under 28 U.S.C. § 1915(d). As the judge saw things, Hudson had state remedies for the deprivation of his property—indeed had already *prevailed* in state

court on this question and was merely experiencing difficulties in enforcing the order in his favor. Disobedience to a state court's order is contempt of court rather than a violation of federal law. *Pacelli v. deVito,* 972 F.2d 871, 876 (7th Cir.1992). The judge dismissed the suit with prejudice; Hudson did not appeal.

Instead of filing a motion to hold the police in contempt of court, Hudson began a new suit in small claims court. This was doomed: it was untimely, and Hudson had neglected to make the prior administrative claim that state law requires. Ind.Code § 34–4–16.5–7. Hudson had another problem: the small claims court requires plaintiffs to appear in person or by counsel. Still locked up, Hudson could not readily appear in person, and he could not afford counsel. Apparently the case was dismissed. (Hudson did not ask the court to issue a writ of habeas corpus ad testificandum so that he could appear in person.) Meanwhile, the bailiff of the criminal court wrote Hudson a letter stating that his property had been destroyed or "placed into the pension fund" and that "[t]here is nothing more that this court can do for you, and no more responses will be forthcoming." Apparently the Indianapolis police flouted state law as well as the court order, for Indiana requires the police to return property to its rightful owner and to give notice before disposing of seized property that the police believe need not be returned. Ind.Code § 35–33–5–5(c)(1). It is undisputed that Hudson received neither notice nor property. In lieu of seeking relief from a higher state court, Hudson filed a second federal suit under § 1983, asserting that the outcome of the case in small claims court showed that he lacked effective state remedies. Again the court dismissed the case as frivolous under § 1915(d), this time on the ground of claim preclusion (res judicata). Judge Tinder added that he agreed with Judge McKinney on the merits.

■ Judge McKinney held that Hudson's claim is frivolous and dismissed the suit with prejudice. That disposition may have been mistaken in light of *Denton v. Hernandez,* —— U.S. ——, ——, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992), which says that

an order under § 1915(d) bars only proceedings *in forma pauperis* and does not preclude a new suit if the plaintiff pays the docket fee. But Hudson did not ask Judge McKinney to change his dismissal to one without prejudice and did not appeal from that decision; he cannot use a new suit to contend that the disposition of the first was mistaken. *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Reed v. Allen,* 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054 (1932); *Supporters to Oppose Pollution, Inc. v. Heritage Group,* 973 F.2d 1320, 1325–27 (7th Cir. 1992). At all events, Hudson did not pay the docket fee to commence his second case; instead he sought once again to proceed *in forma pauperis,* and that request is barred by any standard.

■ Although Hudson contends that the failure of his state suit and the letter from the bailiff supply extra evidence that justifies fresh litigation, new evidence does not relieve a litigant of the preclusive effect of a (federal) judgment. *Car Carriers, Inc. v. Ford Motor Co.,* 789 F.2d 589, 596 (7th Cir.1986); *Aliff v. Joy Manufacturing Co.,* 914 F.2d 39 (4th Cir.1990). (Because the first judgment was rendered by a federal court, we apply the federal law of preclusion rather than the state law reflected in cases such as *Lee v. Peoria,* 685 F.2d 196 (7th Cir.1983). See *In re Energy Cooperative,* 814 F.2d 1226, 1230 (7th Cir.1987).) To make matters worse for Hudson, appellate review of dismissals under § 1915(d) is deferential. *Denton,* —— U.S. at ——, 112 S.Ct. at 1734. So even if we were inclined to doubt the district court's ruling (which we are not), Hudson could not prevail, because Judge Tinder did not abuse his discretion in applying principles of preclusion to this *fourth* suit about the same property.

Indiana can find little honor in this outcome. The prosecutor failed to notify the police of the criminal court's order. Although Indianapolis may have learned about the criminal court's order belatedly, it cannot plead ignorance of Ind.Code § 35–33–5–5(c)(1), with which it failed to comply. We were surprised, to say the least, to discover that the criminal court believes that the right response to disobedience to its order is to

close the file without further action. The City was not served with process and did not participate in the district court, but it has elected to defend the appeal, and the cost it has borne in doing so must have exceeded the value of Hudson's property. At oral argument we asked the defendants' lawyer, who carries the title "Chief Counsel, Litigation" for Indianapolis, why the City did not compensate Hudson for his property. She replied that the City is willing to bear the costs of litigation in order to establish a reputation that will discourage frivolous demands. Well and good, if Hudson's claim were indeed frivolous. This *suit* is frivolous, but his *claim* is meritorious, and we are disappointed that Indianapolis cannot distinguish the two.

AFFIRMED