42 F.3d 1391
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gerald L. HARRISON, Plaintiff-Appellant,
v.
Dr. CHEZ, et al., Defendants-Appellees.
 No. 92-3382.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 2, 1994.*
Decided Dec. 14, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Gerald Harrison, confined at the Indiana Reformatory, reported to the infirmary with complaints of stomach pains. The staff on duty that day told him that nothing was wrong and sent him away. He returned with greater pain later that afternoon and was dispatched to a hospital, where surgeons operated for a perforated ulcer, informing him that any additional delay would have been fatal. (So Harrison's complaint asserts, and we must accept its allegations subject to the usual caveat.) He believes that the persons on duty when he first complained about the pain violated his rights under the eighth amendment by sending him away without assistance. See Estelle v. Gamble, 429 U.S. 97 (1976). The district court disagreed, found the claim frivolous, denied Harrison leave to proceed in forma pauperis, 28 U.S.C. Sec. 1915, and dismissed the complaint with prejudice.
 
 
 2
 The district court's order is mistaken. Section 1915 governs proceedings without prepayment of costs. It does not authorize a court to dismiss a complaint on the merits. When a complaint appears to be "frivolous or malicious" within the meaning of Sec. 1915(d), the court may require the plaintiff to pay the regular docket and service fees, but it may not adjudicate the merits. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Hudson v. Hedge, 27 F.3d 274, 276 (7th Cir.1994).
 
 
 3
 Some complaints are so feeble that they may be dismissed on the merits, under Fed.R.Civ.P. 12(b)(6), independently of Sec. 1915(d). Before taking such a step, however, a district judge should notify the plaintiff and permit him to elaborate on his claim (in the form of an amended complaint or otherwise). Nietzke v. Williams, 490 U.S. 319, 329-30 (1989); Ricketts v. Midwest National Bank, 874 F.2d 1177, 1185 (7th Cir.1989). Notice serves a vital role because, under Fed.R.Civ.P. 8, a complaint need not contain an elaborate recitation of facts. Suits under Sec. 1983 are no exceptions. Leatherman v. Tarrant County, 113 S.Ct. 1160 (1993). A plaintiff may plead conclusions, fleshing matters out at later stages of the litigation. Harrison followed this model, pleading, without elaboration, that the defendants acted with deliberate indifference to his pain and safety. Yet when the district judge acts under Sec. 1915 there are no later stages. In this case the defendants have not been served with process and did not respond to the complaint, Harrison therefore never had an opportunity to elaborate on the kernel in the complaint.
 
 
 4
 We know from Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994), that a prisoner cannot prevail on a claim of the type presented here without establishing that the defendants not only are "aware of facts from which the inference could be drawn that a substantial risk of harm exists [but also] draw the inference." Being aware that a prisoner reports pain is some distance from being aware of a substantial risk of harm; many reports are false (made to get out of work or to obtain a trip outside the prison), and most true reports of pain do not imply a substantial risk of harm from delay. But it is not inconceivable that Hernandez could satisfy the standard under Farmer. At this juncture, he is entitled to the benefit not only of the allegations of the complaint but also of suppositions consistent with those allegations. Conley v. Gibson, 355 U.S. 41 (1957). Records on file in the prison infirmary conceivably could describe Harrison's ulcer and show reasonable medical professionals that pain indicates a serious condition. If the staff read those records, listened to Harrison's complaints, and sent him away because they wanted harm to befall him, then Harrison would have a claim under Estelle and Farmer. Of course, this record contains absolutely no reason to believe that the defendants were callously indifferent to Harrison's health or wanted him to suffer or die. Neither, however, is it possible to rule out deliberate indifference.
 
 
 5
 On remand the district court must choose between two courses of action. It may deny the application for leave to proceed in forma pauperis--a step that we believe would be within its discretion, given the "unusual power [in Sec. 1915] to pierce the veil of the complaint's factual allegations," Nietzke, 490 U.S. at 327--and give Harrison an option to proceed after paying the docket fee. Or it may give Harrison notice and offer him an opportunity to explain the circumstances that lead him to think that he can satisfy the requirements of Farmer. Because decision whether Harrison would benefit from counsel rests within the discretion of the district court, see Otis v. Chicago, 29 F.3d 1159, 1168-69 (7th Cir.1994) (en banc), we do not direct the district judge to attempt to recruit a lawyer for Harrison. We did so in this court, and the district judge will have the benefit of appellate counsel's careful presentation. Harrison has not attempted to show that despite having a meritorious claim he has been unable to interest counsel in representing him. See Farmer v. Haas, 990 F.2d 319 (7th Cir.1993); Jackson v. County of McLean, 953 F.2d 1070 (7th Cir.1992). We assume that the district judge will revisit this issue, however, if the case lingers on his docket.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record