101 F.3d 110
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frank L. POLK, Plaintiff-Appellant,
v.
COOK COUNTY DEPARTMENT OF CORRECTIONS and Jail Guard Robles,
Defendants-Appellees.
 No. 96-1857.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 31, 1996.*
Decided Oct. 31, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Frank Polk, a pretrial detainee at the Cook County jail, claims he was beaten by two fellow detainees on February 13, 1991. Polk appeals from the dismissal of his third complaint filed with respect to the alleged beating. The first complaint alleged a violation of 42 U.S.C. § 1983 but named as the defendants the two inmates whom Polk claims beat him. (Smith v. Smith, 91 C 7032).[1] The district court dismissed this complaint on November 13, 1991, for failure to allege a state actor. Polk then filed a second complaint on June 30, 1993 alleging the same violations but adding a Cook County Department of Corrections jail guard as a defendant. (Polk v. Robles, 93 C 4077). The district court concluded that the statute of limitations had expired on Polk's § 1983 claim and, as such, dismissed this second complaint as frivolous under section 1915(d).[2] This court affirmed. Polk then filed a third complaint pursuant to § 1983 making the same allegations against the same defendants. In conjunction with this third complaint, Polk filed a motion for leave to proceed in forma pauperis and a motion for summary judgment. The district court denied plaintiff's motion for leave to file in forma pauperis, dismissed the case as frivolous pursuant to 28 U.S.C. § 1915(d), and denied Polk's motion for summary judgment as moot. Polk appeals, contending that the district court incorrectly computed the statute of limitations, or that the statute of limitations should be tolled. We affirm.
 
 
 2
 We first assess our jurisdiction over this appeal. The district court entered final judgment against Polk on November 16, 1995. However, Polk's appeal was not filed with the district court until April 11, 1996. Part of the delay was due to the notice of appeal being sent to this court rather than the district court, see Fed.R.App.P. 4(a)(1), but it is undisputed that Polk tendered the notice of appeal to prison officials on December 13, 1995, within the 30-day limit for civil appeals, see Fed.R.App.P. 4(a)(1). Under Houston v. Lack, 487 U.S. 266, 270 (1988), the appeal is timely because Polk delivered his notice of appeal to prison officials within the applicable 30-day period.
 
 
 3
 Turning to the merits, we conclude that Polk's complaint is barred by res judicata and we affirm. After Polk's first complaint was dismissed for failure to name a state actor, an order he did not appeal, Polk filed a second complaint in June, 1993 alleging the same facts but naming different defendants. The district court found that because the alleged beating upon which Polk bases his § 1983 claim occurred on February 13, 1991, the complaint filed on June 30, 1993 was untimely. The district court dismissed the suit under 28 U.S.C. § 1915(d) on the ground that the statute of limitations had expired. On appeal, this court affirmed the district court's order and dismissed the appeal on January 4, 1994.[3] (Polk v. Robles, 93-3181).
 
 
 4
 Undaunted, on November 9, 1995, Polk then filed a third complaint making the same allegations against the same defendants. The district court again dismissed the suit under § 1915(d), but without prejudice to its renewal if Polk paid the filing fee (while warning Polk as to the possibility of Rule 11 sanctions). Rather than so doing, Polk appealed and paid the required appellate fee.
 
 
 5
 Polk cannot attempt to resuscitate his second complaint by filing a new complaint and arguing that the statute of limitations should have been tolled. Hudson v. Hedge, 27 F.3d 274 (7th Cir.1994), cert. denied, 115 S.Ct. 641 (1994) (prisoner's second application to proceed in forma pauperis in his § 1983 action was barred, where district court denied prisoner's first application to proceed in forma pauperis and dismissed first case as frivolous, and prisoner did not pay docket fee to commence second case). The district court properly dismissed the petitioner's motion for leave to proceed in forma pauperis and denied his motion for summary judgment as moot. We conclude that this appeal is frivolous and the dismissal is
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Polk's first complaint was filed under the name Darryl Smith
 
 
 [2]
 On April 26, 1996, during the pendency of this appeal, President Clinton signed into law the Prison Litigation Reform Act, Pub.L. 104-134, 110 Stat. 1321. The Act, which recodifies § 1915(d) as § 1915(e), significantly amends the right to bring actions in forma pauperis. Even under the prior, more expansive version of § 1915, Polk is not entitled to relief
 
 
 [3]
 Although the district court's order states that its order was affirmed on November 26, 1994, the docket sheet and order by this court states that the date of affirmance and dismissal was January 4, 1994