# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 04-2899

MICHAEL J. FLOWERS, JR.,

*Plaintiff-Appellant,*

v.

COLUMBIA COLLEGE CHICAGO,

*Defendant-Appellee.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 C 9247—**Charles P. Kocoras**, *Chief Judge.*

———————

ARGUED JANUARY 26, 2005—DECIDED FEBRUARY 8, 2005

———————

Before EASTERBROOK, RIPPLE, and EVANS, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Columbia College Chicago hired Michael Flowers and assigned him to serve as a guidance counselor at a public high school in Chicago, which had contracted with the College for services of this kind. When the principal forbade Flowers to wear a religious head covering, he filed a charge of discrimination with the EEOC, naming the school system as his employer. The school system complained to the College, which fired Flowers—and did so for the sole reason that he had complained about religious discrimination practiced by the high school. (We take as given the allegations in his complaint, without knowing whether they are true.) Flowers then charged the College with retaliation, in violation of 42

U.S.C. §2000e-3(a) (part of Title VII of the Civil Rights Act of 1964), and filed this suit after the EEOC was unable to achieve conciliation. The district judge dismissed the complaint for failure to state a claim, see Fed. R. Civ. P. 12(b)(6), ruling that Title VII allows an employer to sack a person who complains about discrimination elsewhere. 2004 U.S. Dist. LEXIS 11583 (N.D. Ill. June 23, 2004).

Section 2000e-3(a) provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

Flowers contends that the College fired him because "he has made a charge . . . under this subchapter". The district judge read this language as if it said "has made a charge *against his employer* under this subchapter", and as the high school was not his employer Flowers lacked a good theory. But the phrase "against his employer" is not in the statute.

Suppose that one of Flowers's friends, who did work for the Chicago public schools, charged it with discrimination, that Flowers provided testimony in the investigation, and that the College fired him for assisting the EEOC. Section 2000e-3(a) forbids such a response. See *McMenemy v. Rochester*, 241 F.3d 279, 283-85 (2d Cir. 2001); see also *Hale v. Marsh*, 808 F.2d 616, 619 (7th Cir. 1986) (dictum). Or suppose that Flowers had worked at General Motors before entering the College's employ, and that the College fired him on learning that he had complained about General Motors's failure to accommodate his desire to wear religious garb. Again §2000e-3(a) would entitle Flowers to relief; no

one may follow the rule "we do not employ anyone who has ever made a Title VII charge against a prior employer." There is no better reason why "against his employer" should be interpolated into the anti-retaliation clause when the original charge concerns a borrowing employer, such as a firm to which a temporary service sends its staff, or (here) the Chicago public schools.

If the College were right, then any firm could opt out of Title VII by adopting a holding-company structure. Suppose that Acme Industries were to create two subsidiaries: Acme Personnel and Acme Operations. Acme Personnel would hire and pay all employees; Acme Operations would carry on the firm's production using employees from Acme Personnel. On the College's legal view, Acme Operations could engage in religious (and other) discrimination with impunity, because it would not be the "employer," while Acme Personnel could fire anyone who complained about discrimination at Acme Operations, because the complaint would not concern Acme Personnel's conduct. That *reductio ad absurdum* can be avoided by reading §2000e-3(a) to mean what it says. No employer may retaliate against someone who makes or supports a charge of discrimination against *any* employer.

Section 2000e-3(a) forbids retaliation even if the underlying charge turns out to have been incorrect. See *Mattson v. Caterpillar, Inc.*, 359 F.3d 885, 892 (7th Cir. 2004); *Alexander v. Gerhardt Enterprises, Inc.*, 40 F.3d 187, 195 (7th Cir. 1994). Some decisions say that employers may react adversely to frivolous charges of discrimination, which may disrupt the employment relation without offering any legitimate benefit to the employee. See, e.g., *Fine v. Ryan International Airlines*, 305 F.3d 746, 752 (7th Cir. 2002) (dictum). None of these decisions—at least none in this circuit—actually holds that employers may take adverse action in response to an unreasonable charge, but Flowers does not contend that §2000e-3(a) forbids such a response.

Columbia College seeks shelter from this proviso by asserting that Flowers's charge against the high school was objectively unreasonable. Yet Title VII requires accommodation of religious practices, when that can be accomplished without undue hardship. See 42 U.S.C. §2000e(j); *Ansonia Board of Education v. Philbrook*, 479 U.S. 60, 67-69 (1986); *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 84 (1977). Columbia College does not contend that allowing Flowers to wear a kofi over his dreadlocks would have imposed any hardship at all on itself or the high school to which he had been detailed. Cf. *United States v. James*, 328 F.3d 953, 957-58 (7th Cir. 2003).

Instead the College insists that Flowers's original charge was baseless because made against the Chicago school system, which did not employ him. Yet identifying the "employer" in a borrowed-servant situation can be difficult. Flowers was in a bind: had he charged the College with failing to accommodate his religion, the College could have blamed the high school and insisted that it was in no position to do anything; had Flowers filed the charge against the school system (as he did), it could have replied (as it did) that the College was his only employer. Perhaps *both* entities usefully could be deemed employers in such a situation, see *EEOC v. Illinois*, 69 F.3d 167, 169 (7th Cir. 1995); *Sibley Memorial Hospital v. Wilson*, 488 F.2d 1338 (D.C. Cir. 1973), but even if the College was the only statutory "employer" it hardly seems a firing offense for Flowers to have thought otherwise. If a gaffe on a technical issue allowed the employer to show the worker the door, the anti-retaliation provision would be diluted to the point of uselessness. Cf. *Love v. Pullman Co.*, 404 U.S. 522, 527 (1972) ("Such technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process."). Technical mistakes in pursuing charges that may well have a good substantive footing do not render those charges so

unfounded that the employer may reply with a discharge. It is not as if Flowers had filed his initial charge against Verizon or Boeing. The high school was, if not his "employer," at least using his labor.

This drives the College to its last resource: it contends that it has been determined authoritatively that Flowers's initial charge was frivolous. After the EEOC completed its investigation, Flowers filed suit against the Chicago school system. He acted *pro se*, and the district judge dismissed the complaint under 28 U.S.C. §1915(e)(2)(B)(i) before allowing the defendant to be served with process. The order of dismissal stated that the complaint was frivolous because it revealed that the College, rather than the high school, was Flowers's employer. Instead of appealing, Flowers accepted the ruling and proceeded against the College—which insists in this second suit that the dismissal of the first establishes that the charge against the high school was unreasonable and thus deprives Flowers of any protection under §2000e-3(a). Not at all. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992), holds that a dismissal under §1915(e)(2)(B)(i) is not preclusive: a litigant may pay the filing fee and start anew without having to overcome a defense of issue or claim preclusion. Flowers's first suit, though unavailing, was not frivolous or vexatious, so he enjoys the protection of §2000e-3(a).

REVERSED AND REMANDED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*