**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 28, 2007[*]
Decided July 5, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-1429

| | |
|---|---|
| JUYRONE MCCLENDON, <br>     *Plaintiff-Appellant,* <br><br>     *v.* <br><br> DUPAGE COUNTY JAIL, et al., <br>     *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 06 C 0206 <br><br> George W. Lindberg, <br> *Judge.* |

**O R D E R**

Juyrone McClendon alleges that police officers in DuPage County, Illinois, twice arrested him without cause, first in May 2003 and again in September 2004. At the time of both incidents, McClendon was facing drunk-driving charges in the Circuit Court of DuPage County.  According to McClendon, the first arrest, by police

---

[*] The defendants were not served with process in the district court and are not participating in this appeal.  After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the appellant's brief and the record.  *See* Fed. R.App. P. 34(a)(2).

in Downers Grove, was prompted by a warrant issued on the mistaken belief that he missed a court appearance. McClendon was held overnight in the county jail and released the next day after the mistake was discovered. The second arrest, by police in Bolingbrook, apparently occurred because another, valid arrest warrant for failure to appear was not cancelled a month earlier after the warrant was executed and McClendon was released on bond. This time he spent the weekend in the county jail before the error came to light.

This appeal arises from the second of two suits McClendon has brought under 42 U.S.C. § 1983 based on these facts. In December 2004 he filed a complaint naming as defendants the DuPage county jail, the state's attorney and the public defender's office for the county, and the clerk of the circuit court. In that case Judge Der-Yeghiayan denied McClendon leave to proceed *in forma pauperis* and then dismissed the complaint in December 2005 when McClendon did not pay the filing fee. The court concluded that McClendon was not indigent and that his claims did "not appear to be meritorious." McClendon did not appeal this dismissal; instead, in January 2006 he filed another complaint raising the identical claims and naming the same purported defendants along with the county probation office. Once again McClendon sought leave to proceed *in forma pauperis* using an application that was substantially the same as the one he filed with Judge Der-Yeghiayan. Judge Lindberg—unaware of the prior suit and application because McClendon failed to disclose them—screened the complaint under 28 U.S.C. § 1915(e)(2), denied leave to proceed *in forma pauperis*, and dismissed the action. The court reasoned that the statute of limitations had run as to any claim arising from the arrest in May 2003, and that McClendon's allegations about the September 2004 arrest failed to state a claim.

McClendon appeals the second dismissal. In his appellate brief he finally has disclosed the earlier suit; McClendon apparently argues that his present claim about the May 2003 arrest is not time-barred because that same claim was brought within the statute of limitations in his first lawsuit. But McClendon misunderstands the effect of his prior complaint. A litigant whose case was dismissed under § 1915(e)(2)(B)(ii) is not precluded from filing a paid complaint that makes the same allegations. If, however, a litigant files a second complaint identical to the one already deemed frivolous, again seeking to proceed *in forma pauperis* and without showing a change in financial circumstances, the repeated attempt is precluded. *See Hudson v. Hedge*, 27 F.3d 274, 276 (7th Cir. 1994) ("Hudson did not pay the docket fee to commence his second case; instead he sought once again to proceed *in forma pauperis*, and that request is barred by any standard."); *see also Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Flowers v. Columbia Coll. Chi.*, 397 F.3d 532, 535 (7th Cir. 2005); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002). Thus, the district court was right to deny McClendon permission to proceed *in forma pauperis*. We need not review

Judge Lindberg's analysis of the merits of McClendon's suit; McClendon's attempt to pursue the same complaint without paying the filing fee per Judge Der-Yeghiayan's instructions or informing Judge Lindberg about those instructions is reason enough to affirm the court's decision. *See Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

AFFIRMED.