CLD-134                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2700
_____

CHRISTOPHER R. HALL,
Appellant

v.

SHAWN NISBET; ROBERT H. HILL, JR.; CHIEF MOLLEY; RYAN HASARA;
RYAN DUNTZEE; OSWALDO TOLEDO; SHANE LAROSA; JOHN LANDS;
RAYMOND TOWNSEND; WILLIAM PLYMOUTH; SHAWN WILLIAMS;
JEFFREY ANDERSON; RICHARD KONDON; RYAN BROWN;
THOMAS NYMAN; MICHAEL FARLEY; ANDREW AMMATURO;
ABINGTON POLICE DEPARTMENT AND MUNICIPAL BUILDING
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-03301)
District Judge:  Honorable John M. Younge
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 24, 2025
Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: May 23, 2025)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Christopher Hall appeals pro se from the District Court's dismissal of his civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). We will summarily affirm the District Court's judgment.

I.

Hall is currently serving a state-prison sentence for convictions of illegal possession of a firearm, possession of drugs (marijuana) with the intent to distribute them, and receiving stolen property. These crimes were charged largely based on evidence police recovered from a 2017 police search of Hall's home. In 2019, Hall filed a lawsuit that raised constitutional claims pursuant to 42 U.S.C. § 1983, claiming that the search and subsequent criminal proceedings were unlawful.

The District Court dismissed Hall's 2019 complaint as entirely barred by Heck v. Humphrey, 512 U.S. 477 (1994), which generally held that a plaintiff cannot bring a § 1983 claim that, if successful, would necessarily imply the invalidity of a criminal conviction. Hall appealed, and we affirmed the District Court's dismissal of most of his claims on alternative grounds, but we vacated its dismissal of Hall's Fourth Amendment claim and remanded the case for the District Court to apply a more thorough Heck analysis. See Hall v. Nisbit, No. 21-2139, 2022 WL 421804 (3d Cir. Feb. 11, 2022). On remand, the District Court again determined that the Fourth Amendment claim was barred by Heck, and it dismissed that claim without prejudice to Hall's refiling it if his

conviction terminates in his favor. Hall attempted to appeal that decision, but we dismissed his appeal as untimely.

About five months later, in July 2024, Hall filed the instant complaint, raising the same or very similar claims against largely the same defendants.[1] The District Court screened Hall's complaint pursuant to 28 U.S.C. § 1915(e)(2). It dismissed his Fourth Amendment claim as "malicious" under 28 U.S.C. § 1915(e)(2)(B)(i). It dismissed all of his claims for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Hall timely appealed, and he has moved to stay this appeal pending the resolution of his postconviction proceedings in state court.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the District Court's sua sponte dismissal of a complaint under § 1915(e)(2). See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). We may summarily affirm the District Court's order if an appeal presents no substantial question for our review. See 3d Cir. L.A.R. 27.4; IOP 10.6.

## III.

The District Court dismissed Hall's Fourth Amendment claim as "malicious" under 28 U.S.C. § 1915(e)(2)(B)(i), concluding, as some of our sister circuits have, that repetitive litigation by plaintiffs proceeding in forma pauperis can be dismissed as a form

---

[1] Eighteen of the nineteen defendants named in the 2024 complaint were named in Hall's 2019 complaint—the only newly named defendant is "Chief Molley." The 2019 complaint mentioned a police chief, but did not name a police chief as a defendant.

of malicious litigation. See Daker v. Ward, 999 F.3d 1300, 1308 (11th Cir. 2021); Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993); Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981). Other circuits have held that repetitive claims by litigants proceeding in forma pauperis may be dismissed as "frivolous" or more generally under § 1915(e)(2)(B)(i) (or its predecessor, § 1915(d)).[2] We need not decide which word better applies here, as the District Court clearly did not err in dismissing Hall's complaint. Hall did not forget his previous litigation, since his 2024 complaint liberally quotes our 2022 opinion's factual background. And yet his 2024 complaint otherwise reads as if none of the District Court's or this Court's decisions ever occurred. Hall made no effort to explain why he filed the 2024 complaint, let alone why he should be able to repeat claims that have already been decided, so the District Court's record reflects no legitimate purpose for Hall's 2024 litigation.[3] Under these circumstances, the District Court reasonably determined that Hall's subjective purpose was to vex or annoy.

---

[2] See McWilliams v. Colorado, 121 F.3d 573, 574-75 (10th Cir. 1997); Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Aziz v. Burrows, 976 F.2d 1158, 1158-59 (8th Cir. 1992); Bailey v. Johnson, 846 F.2d 1019 (5th Cir. 1988); cf. Higgins v. Carpenter, 258 F.3d 797, 801 (8th Cir. 2001) (finding that an appeal from a duplicate district court action is a frivolous appeal).

[3] If Hall filed his new complaint to seek further appellate review of the District Court's dismissal of his Fourth Amendment claim as Heck-barred, then that was not a legitimate purpose. Cf. Hudson v. Hedge, 27 F.3d 274, 276 (7th Cir. 1994) (reasoning that, where a pro se litigant's first complaint was dismissed and he did not appeal from the dismissal, he "cannot use a new suit to contend that the disposition of the first was mistaken").

## IV.

The District Court appropriately dismissed Hall's remaining claims for failure to state a claim under § 1915(e)(2)(B)(ii).

Hall alleged that police violated the Eighth Amendment's excessive bail clause by presenting perjured statements that caused his bail to be set at an excessive amount. Such an Eighth Amendment violation can occur if bail was set "to achieve invalid interests," or if bail is set at "an amount that is excessive in relation to the valid interests [that the government] seeks to achieve." See Galen v. County of Los Angeles, 477 F.3d 652, 660 (9th Cir. 2007). But as the District Court explained, police officers do not make bail determinations in Pennsylvania, and Hall did not plausibly allege that any police defendant manipulated or exercised significant influence over his bail determination. See Wagenmann v. Adams, 829 F.2d 196, 211-12 (1st Cir. 1987) (finding that if a neutral decisionmaker makes bail determinations, police officers are not shielded from liability if they purposefully helped to shape a bail determination).

Hall's Fourteenth Amendment due process claim fails for the same reason that his Fifth Amendment claim failed in his prior complaint: "when government behavior is governed by a specific constitutional amendment, due process analysis is inappropriate." See Hall, 2022 WL 421804, at *2 (construing his Fifth Amendment claim as a Fourteenth Amendment claim and quoting Berg v. County of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000)). Here, Hall gestures to the Fourteenth Amendment's due process clause in relation

to both his Fourth Amendment and Eighth Amendment claims; he does not state any specific type of Fourteenth Amendment claim.

Finally, Hall asserted a supervisory liability claim against "Chief Molley." His supervisory liability claim cannot survive the dismissal of the underlying constitutional claims. See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) ("[A]ny claim that supervisors directed others to violate constitutional rights necessarily includes as an element an actual violation at the hands of subordinates.").

V.

Consequently, we will affirm the District Court's dismissal of Hall's complaint. Hall's motion to stay the appeal while his postconviction proceedings are pending in state court is denied.[4]

---

[4] Our affirmance of the District Court is without prejudice to Hall's ability to file another complaint in the District Court if his challenge to his conviction is ultimately successful.