# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 01-2558

CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS
PENSION FUND, and HOWARD MCDOUGALL, Trustee,

*Plaintiffs-Appellees,*

*v.*

HUNT TRUCK LINES, INC.,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 1204—**Ronald A. Guzman**, *Judge.*

ARGUED JANUARY 25, 2002—DECIDED JULY 23, 2002

Before MANION, KANNE, and WILLIAMS, *Circuit Judges.*

KANNE, *Circuit Judge.* In 1994, Hunt Truck Lines, Inc. withdrew from the Central States, Southeast and Southwest Areas Pension Fund ("Central States"). Usually, this would give rise to withdrawal liability on Hunt's part under the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1381-1461 (the "MPPAA"). However, because Hunt sold its assets to another company, Wintz Parcel Drivers, Inc., Hunt did not face withdrawal liability provided that Wintz continued to make payments to the fund. In 1996, one of Wintz's subsidiaries went bankrupt, triggering withdrawal liability on Wintz's part. Initially, Central

States sent a notice to Wintz demanding that it begin making installment payments on the withdrawal liability, but Wintz defaulted. That default permitted Central States to pursue Hunt's secondary liability for the withdrawal payments.

## A.  *Proceedings before Judge Nordberg*

On May 31, 1996, Central States sent Hunt a notice demanding that it begin making interim payments on its withdrawal liability. Hunt refused to pay, and Central States brought suit seeking interim withdrawal payments, and the case was assigned to Judge John A. Nordberg.

Although in most cases, a district court routinely grants an order allowing a pension plan to obtain interim payments, *Hunt I* proved to be an exception to that rule. In *Hunt I*, Judge Nordberg noted that Central States sent the original notice to Hunt on May 31, 1996, but that Central States conceded in its motion for summary judgment that Wintz did not withdraw from the plan until "on or about July 20[, 1996]." Because Hunt could not have incurred withdrawal liability until Wintz actually withdrew from the plan, it was clear that Central States had sent the original demand at least one and one-half months before Hunt incurred any liability. Judge Nordberg then held that although the MPPAA provision regarding interim payments was broad, it did not allow Central States to seek payments until after Hunt incurred withdrawal liability. Therefore, Judge Nordberg granted summary judgment in favor of Hunt, finding that Central States failed to comply with the statutory prerequisites of the MPPAA.

## B.  *Arbitration Proceedings*

On December 20, 1996, Hunt initiated arbitration of the withdrawal liability assessment pursuant to 29 U.S.C.

§ 1401, and the arbitration was assigned to arbitrator Ira F. Jaffe. On June 23, 1998, the arbitrator also concluded that Hunt had been billed prematurely and issued an interim arbitration award containing the affirmative order directing Central States to issue a revised demand, noting that a revised demand was preferred to "starting the process anew."

On July 1, 1998, pursuant to the arbitrator's interim award, Central States issued a revised Notice and Demand for Withdrawal Liability against Hunt seeking payments from Hunt from November 1, 1996 until May 1, 1999. On October 14, 1998, the interim award was converted to a final award by stipulation of the parties. The final arbitration award, however, did not specifically require Hunt to actually *make* any withdrawal payments. Rather, it solely ordered Central States to issue the revised demand.

### C. *Proceedings before Judge Shadur*

On October 15, 1998, Central States filed suit seeking to enforce the arbitration award, and the case was assigned to Judge Milton Shadur. Central States' complaint sought to affirm and enforce the arbitrator's final award and to enter judgment against Hunt in accordance therewith. On April 8, 1999, Judge Shadur entered judgment enforcing the final award. On April 26, 1999, Central States filed a Rule 59(e) motion to amend judgment, seeking to amend the judgment to provide for monetary relief because, as noted above, the arbitration's award did not provide for withdrawal payments. Judge Shadur denied the motion, noting that his power was limited to determining whether the arbitrator's decision was correct. At no time, however, did Judge Shadur rule on the ultimate issue of whether Hunt was liable for the withdrawal under the MPPAA or on what would happen if Hunt refused to make payments under the revised demand.

### *D.  Our Prior Decision*

On May 6, 1999, Hunt appealed Judge Shadur's judgment enforcing the final award. On June 30, 1999, Central States moved to consolidate its appeal of Judge Nordberg's decision with its appeal of Judge Shadur's judgment and denial of Central States' motion to amend judgment, and we issued an ordered consolidating the appeals.

On appeal, this court affirmed both lower courts. *See Cent. States, Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines, Inc.*, 204 F.3d 736, 743 (7th Cir. 2000) ("*Hunt I*"). With regard to the appeal of Judge Nordberg's decision, we rejected Central States' effort to argue that "on or about July 20" could mean "as early as May 3" and held that Central States was bound by its admission before the district court and thus the date of withdrawal was not legitimately in dispute. *See id.* at 742. We further concluded that under the MPPAA, a pension fund was not permitted to issue a notice and demand for withdrawal liability until after the employer incurred such liability. *See id.* Because Wintz had not withdrawn at the time Central States issued the original demand to Hunt, we held that Central States' failure to comply with this procedural requirement meant that Central States could not collect interim payments based on the May 31, 1996 notice. *See id.*

In affirming Judge Shadur's rulings, we noted that Arbitrator "Jaffe's sole affirmative order was that Central States issue the demand," and that Judge Shadur was correct to deny Central States' Rule 59(e) motion. Writing for the court, Judge Evans concluded by stating that

> [W]e wish to make absolutely clear that, while Central States cannot recover on this appeal, our decision does not preclude future recovery. In fact, it appears certain that Central States will (and should) receive the full withdrawal fee to which it is entitled. As per arbitrator Jaffe's award, the fund has issued Hunt a

renewed demand. Central States appears to be under the impression that either Judge Nordberg's or Judge Shadur's opinions preclude it from collecting on this second demand. This is not the case. Since both judges' rulings focused solely on the fund's prior, premature demand. (Indeed, it should already be complying.) If Hunt fails to pay on this demand, Central States need merely file suit under the MPPAA's enforcement scheme to ensure that it receives interim payments.

*Id.* at 743.[*]

### E.  The Present Suit

Following our dictate, Central States filed suit against Hunt for collection of withdrawal liability for a complete withdrawal by Hunt, and the case was assigned Judge Ronald A. Guzman. Ignoring our statement that the prior judgments would "not preclude" Central States from collecting under the renewed demand, Hunt argued that *res judicata* precluded Central States' action. Central States responded that this suit was the first to determine Hunt's ultimate liability under the revised demand. Hunt moved for summary judgment, contending that the present case was *res judicata* or, in the alternative, that laches should bar recovery. Central States moved for summary judgment

---

[*] Subsequently, Hunt sought attorney's fees, which were awarded by the district court. However, on appeal, we held that the district court had abused its discretion in awarding attorney's fees because there was no dispute that Hunt would ultimately face withdrawal liability. *See Cent. States, Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines, Inc.*, 272 F.3d 1000, 1006 (7th Cir. 2001) ("*Hunt II*"). In so holding, Judge Diane Wood, writing for the court, again instructed Hunt to pay for the withdrawal liability and questioned Hunt's failure to do so. *See id.* at 1003.

arguing, *inter alia*, that *res judicata* did not apply because we had explicitly stated in *Hunt I* that a subsequent action would not be precluded and because Hunt's failure to make payments under the revised demand constituted a new wrong.

The district court rejected Hunt's argument and granted summary judgment in favor of Central States, while denying Hunt's cross-motion. The district court initially noted that the prior judgments involved the various procedural issues and "not collection under the revised demand should Hunt choose to disregard payments pursuant to the revised demand." The district court then held that the failure to pay under the revised demand constituted a new wrong and thus was not *res judicata*. Hunt appeals, resting solely on its argument that this claim is *res judicata*.

## I. Analysis

We review a grant of summary judgment *de novo,* viewing all of the facts and drawing all reasonable inferences therefrom in favor of the nonmoving party. *See Cent. States, Southeast and Southwest Areas Pension Fund v. White*, 258 F.3d 636, 639 (7th Cir. 2001). Because the prior litigation was brought in federal court on a federal claim, the federal rule of *res judicata* determines whether *res judicata* applies to the present action. *See In the Matter of Energy Co-op., Inc.*, 814 F.2d 1226, 1230 (7th Cir. 1987). The three requirements for *res judicata* under federal law are: (1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits. *See id.* There is no dispute that the first element was satisfied. Rather, the parties dispute whether the remaining two elements have been satisfied.

The record shows that both the action before Judge Nordberg and the action before Judge Shadur, as well as

our decision in *Hunt I*, concerned the procedural propriety of Central States' original demand and Arbitrator Jaffe's directive to revise the date of the demand notice. Thus, no previous action has ever addressed Hunt's ultimate liability under the revised demand. Further, neither party disputes that the subject of the arbitration was the May 31, 1996 original demand only and did not concern a scenario where Hunt chose to disregard payment pursuant to the revised demand. Therefore, we conclude that Hunt's failure to make payments under the revised demand is a new wrong and thus the causes of action are not identical.

Moreover, a final judgment on the merits of Hunt's ultimate liability under the revised demand is also absent. As Judge Guzman succinctly noted, "[t]he thrust of the prior decisions in the district court and the Seventh Circuit was that Central States' original demand for withdrawal liability was premature and whether the appropriate method to cure this defect could in fact be a revised demand rather than recission. The procedural ramifications of Central States' premature notice is separate and distinct from the substantive merits of the final withdrawal liability assessment."

Furthermore, Hunt's contention that the present suit is *res judicata* also fails because "[u]nder a generally accepted exception to the *res judicata* doctrine, a litigant's claims are not precluded if the court in an earlier action expressly reserves the litigant's right to bring those claims in a later action." *D & K Prop. Crystal Lake v. Mutual Life Ins. Co. of New York*, 112 F.3d 257, 260 (7th Cir. 1997) (*quoting Apparel Art Intern, Inc. v. Amertex Enter. Ltd.*, 48 F.3d 576, 586 (1st Cir. 1995)). The Second Restatement also specifically addresses the issue at hand and provides that "the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant [when] [t]he court in the first action has expressly

reserved the plaintiff's right to maintain the second action . . . ." Restatement (Second) of Judgments § 26(b)(1) (1982). Indeed, we have previously held that "[i]f a court reserves for later resolution an issue that might otherwise have been adjudicated in the initial proceeding, *res judicata* will not operate to bar the subsequent suit." *See Energy Co-op*, 814 F.2d at 1233.

In *Hunt I*, we specifically held that "[w]hile Central States cannot recover on this appeal our decision does *not preclude* future recovery," and that if Hunt failed to pay on the revised demand, Central States needed merely to file suit under the MPPAA's enforcement scheme to ensure that it received the appropriate payments. 204 F.3d at 743 (emphasis added). Therefore, even if we were to assume that the claims were identical and that a final judgment on the merits had been entered, *res judicata* would not apply due to our express language in *Hunt I. See D & K Prop.*, 112 F.3d at 260; *Energy Co-op*, 814 F.2d at 1233.

## II.  Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

MANION, *Circuit Judge*, concurring.  The only reason res judicata does not apply here is because of this court's (albeit a different panel) express language in *Hunt I* declaring that the decision would not preclude future recovery. When arbitrator Jaffe eventually issued his final award that did not include a requirement that Hunt make the withdrawal payments, Central States could and should have brought a suit to modify the award rather than to simply enforce it. Section 1401(b) of ERISA permits both options. Under other circumstances, Central States' failure to sue to modify would preclude its current suit to collect the withdrawal liability under the doctrine of res judicata. *Hunt I*'s declaration that Central States is *not* precluded created the law for this case that would not be applicable otherwise.

A true Copy:

        Teste:


                         _____
                         *Clerk of the United States Court of*
                         *Appeals for the Seventh Circuit*