**Rosalyn L. CAFFEY, Plaintiff–Appellant,**

v.

**MANSUR GROUP, INC., et al., Defendants–Appellees.**

**No. 02–2527.**

United States Court of Appeals, Seventh Circuit.

Submitted June 5, 2003.*

Decided June 6, 2003.

Before EASTERBROOK, KANNE, and WILLIAMS, Circuit Judges.

## ORDER

This is an ERISA case with a tortured procedural history. Over ten years ago, after getting sick and subsequently being laid off from work, Rosalyn Caffey applied for long-term disability benefits through a plan sponsored by her then-employer, Mansur Group, Inc., and underwritten by UNUM Life Insurance Co. (both defendants in this case). Although initially denied benefits, Caffey eventually obtained benefits after suing UNUM in federal court in Tennessee. But Caffey did not stop there. She also sued Mansur and UNUM in the Southern District of Indiana in two separate lawsuits, the second of which is at issue in this appeal. The district court granted summary judgment for the defendants on res judicata grounds, and we affirm.

Caffey began working for Mansur in September 1989 as a financial analyst. In July 1990 Caffey notified Mansur that she

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a)(2).

could no longer work because she had become ill (with what was later diagnosed as lupus). She applied for long-term disability benefits, but UNUM denied her claim in May 1991 on the ground that she had a preexisting condition. In June 1993 Caffey sued UNUM in district court in Tennessee, alleging wrongful denial of benefits under ERISA and various state-law claims, including breach of fiduciary duty, common-law fraud, breach of contract, negligence, and "emotional duress," all allegedly arising from UNUM's improper handling of her claim. Twice on appeal (once after the district court's original grant of summary judgment for UNUM, and the other after the district court granted partial summary judgment for Caffey upon remand), the Sixth Circuit concluded that although Caffey had a viable claim under ERISA for disability benefits, Caffey's state-law claims were preempted by ERISA (as they "related to" an employee benefit plan), see 29 U.S.C. § 1144(a), and the equitable relief that Caffey had demanded (including reinstatement of her health and life insurance benefits) was not available under ERISA. See Caffey v. Unum Life Ins. Co. (Caffey II), 302 F.3d 576, 582–83 (6th Cir.2002); Caffey v. Unum Life Ins. Co. (Caffey I), No. 95–6373, 1997 WL 49128, at *2 n. 4 (6th Cir. Feb.3, 1997). The district court eventually awarded Caffey past and future long-term disability benefits, prejudgment interest, and legal costs and expenses.

While Caffey litigated in Tennessee, she also filed suit in July 1996 in the Southern District of Indiana against both UNUM and Mansur. Judge Tinder, however, remanded her ERISA claim to the Plan Administrator in December 1997 (consistent with the Sixth Circuit's first appellate disposition in her Tennessee case) and dismissed without prejudice her remaining claims.

Undeterred, Caffey filed another suit in the Southern District of Indiana in December 1998, finally bringing us to the subject of this appeal. Specifically, Caffey's complaint alleged: breach of employment contracts by not providing disability benefits, fraud as to benefit offerings, and negligence in withholding benefit documentation (all against Mansur); and breach of fiduciary duty, "emotional duress," denial of disability benefits under ERISA, interference, and RICO violations (all against both Mansur and UNUM). But shortly after the Sixth Circuit issued its second decision in Caffey's case, Judge Barker granted summary judgment for UNUM and Mansur. Specifically, Judge Barker concluded that Caffey's ERISA claims had been fully adjudicated in the Tennessee action, that her state-law claims were or could have been brought in the Tennessee action, and that her remaining claims were "untimely in the extreme" or had no relation to the allegations that Caffey had made. Caffey thereafter filed a host of postjudgment motions under Fed.R.Civ.P. 59(e) and 60(b), but Judge Barker denied all of these. The judge also denied as moot Caffey's postjudgment motions to amend her complaint and to seek discovery. Because Caffey filed a timely notice of appeal from the denial of her Rule 59(e) motion, the underlying grant of summary judgment is before us on appeal. See Kunik v. Racine County, 106 F.3d 168, 173 (7th Cir.1997). We employ de novo review and may affirm on any ground apparent in the record.

On appeal Caffey argues that res judicata does not apply in this case because her Indiana litigation concerned the defendants' negligent and/or fraudulent handling of her benefit claims, while her Tennessee action focused on the actual denial of benefits. Caffey is at least half-right: although res judicata certainly bars her present suit as against UNUM, it does not

bar her suit as against Mansur because Mansur was not a party in the Tennessee suit. However, other bars, including issue preclusion, applicable statutes of limitation, and pleading requirements, do preclude Caffey's present suit as against Mansur.

■ The district court concluded correctly that res judicata (also known as claim preclusion) barred Caffey's suit as against UNUM. Because Caffey brought her prior suit in federal court (district court in Tennessee) on at least one federal claim (ERISA), federal law determines whether claim preclusion applies to her present suit in Indiana. *See Central States, Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines, Inc.,* 296 F.3d 624, 628 (7th Cir.2002). Claim preclusion requires: (1) the same parties (or their privies) in both suits; (2) a final judgment on the merits in an earlier suit; and (3) the same causes of action in both suits. *Id.* Caffey's present suit as against UNUM meets all three requirements. The district court in Tennessee eventually entered partial summary judgment for Caffey; both suits involved Caffey and UNUM; and Caffey now asserts the same causes of action as in her prior Tennessee suit. Although Caffey identifies some new legal theories in her present suit (like RICO), claim preclusion extends to all grounds for recovery that might have been presented in prior litigation if based on the "same transaction." *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 913–14 (7th Cir.1993). Caffey attempts to distinguish her present suit as focusing on different facts (the defendants lying to her about her eligibility for benefits and withholding documentation necessary for benefits, rather than the actual denial of disability benefits). But the Tennessee courts' decisions make clear that her litigation there also focused on the alleged improper handling of her benefit claims. Furthermore, new evidence that Caffey now cites about the defendants' purported lies does not bar the application of claim preclusion to her present suit. *See Hudson v. Hedge,* 27 F.3d 274, 276 (7th Cir.1994).

■ Applying claim preclusion to Caffey's suit as against Mansur is stickier, however, because Mansur was not a party to the prior suit in Tennessee. Thus, unless Mansur is in privity with UNUM, *see generally Tice v. Am. Airlines, Inc.,* 162 F.3d 966, 973 (7th Cir.1998) (discussing considerations that inform whether privity exists), claim preclusion does not bar Caffey's suit as against Mansur. We need not decide the difficult privity question, however, because there are other reasons why Caffey's suit is barred as against Mansur. To begin, the state-law claims that Caffey has alleged are barred because issue preclusion (specifically defensive collateral estoppel here) precludes her from denying that ERISA preempts her state-law claims. Defensive collateral estoppel forecloses a plaintiff from asserting claims that the plaintiff previously litigated and lost against another defendant. *Wolverine Mut. Ins. v. Vance,* 325 F.3d 939, 943 n. 3 (7th Cir.2003). Here, the federal courts in Tennessee already determined that ERISA preempts Caffey's state-law claims of breach of fiduciary duty, common-law fraud, breach of contract, negligence, and emotional duress because they all "related to" an employee benefit plan. These are the very same claims that Caffey now asserts against Mansur. Additionally, any of these state-law claims that sound in tort are also barred by Indiana's two-year statute of limitations for torts. *See Lewis v. Methodist Hosp., Inc.,* 326 F.3d 851, 852 (7th Cir.2003).

The only remaining claims that Caffey has against Mansur are alleged RICO violations and wrongful denial of disability

benefits under ERISA. Caffey's RICO claim is precluded because she did not plead fraud (as the predicate offense) with the necessary level of specificity under Fed.R.Civ.P. 9(b), *see Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir.2001), and because the claim is time-barred, *see Fujisawa Pharm. Co., Ltd. v. Kapoor*, 115 F.3d 1332, 1338 (7th Cir.1997) (discussing RICO's four-year statute of limitations). Likewise, Caffey's claim for wrongful denial of disability benefits under ERISA is barred because she did not sue the proper party: with certain exceptions not applicable here, beneficiaries seeking disability benefits under ERISA must sue the Plan as an entity, rather than their employer. *See Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 872 n. 4 (7th Cir.2001). Caffey did not sue the Plan and, thus, no claims remain as against Mansur. Therefore, the district court properly granted summary judgment in Mansur's favor.

Caffey also makes three subsidiary arguments. First, Caffey argues that Judge Barker abused her discretion by not including separate findings of fact with the summary judgment disposition. But findings of fact are not required for summary judgment orders. *See* Fed.R.Civ.P. 52(a) ("Findings of fact ... are unnecessary on decision of motions under Rule ... 56."); *Highlands Ins. Co. v. Lewis Rail Serv. Co.*, 10 F.3d 1247, 1252 (7th Cir.1993) (discouraging findings of fact in summary judgment orders). Caffey also argues that Judge Barker abused her discretion by not allowing Caffey to amend her complaint after judgment had been rendered. But a district court may not grant leave to amend a complaint after entering judgment unless it has also reopened the judgment under Fed.R.Civ.P. 59(e) or 60(b).

---

* This successive appeal has been submitted to the panel that heard the initial appeal. See Operating Procedure 6(b). The panel has

---

*Helm v. Resolution Trust Corp.*, 84 F.3d 874, 879 (7th Cir.1996). Caffey provides no reason on appeal why we should question Judge Barker's denial of the post-judgment motions in this case. Finally, Caffey argues without elaboration that Judge Barker abused her discretion by denying various requests for discovery. But Caffey waived this argument by failing to explain why Judge Barker should have granted these requests and, more importantly, by failing to even identify the discovery demands to which she is referring. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001). Therefore, the judgment in all respects is

AFFIRMED.