UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted October 11, 2006[*]
Decided October 17, 2006

Before

**Hon.** JOHN L. COFFEY, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** DANIEL A. MANION, Circuit Judge

| | |
|---|---|
| No. 06-2464 <br><br> DIRCK HECKING, <br>     *Plaintiff-Appellant*, <br><br>       *v.* <br><br> AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, <br>     *Defendant-Appellee*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:05-cv-1111-LJM-WTL <br> Larry J. McKinney, *Chief Judge*. |

**Order**

    Dirck Hecking believes that he is entitled to disability benefits under plans sponsored by the Air Line Pilots Association (ALPA). In 2003 he filed suit against two plans (the Air Line Pilots Association Welfare Benefit Plan and the IFALPA Loss of License Plan) and "Jonathan Cohen, Director of Legal Department, Air Line Pilots Association." Cohen was ALPA's agent for service of process, and Hecking apparently thought that he had to name Cohen as a party. Because he sued Cohen as an agent for ALPA, however, the real defendant was ALPA itself, which asked the district court to enter judgment in its favor. Without waiting for judicial resolution of this motion, Hecking dismissed the suit voluntarily to the extent it sought relief from Cohen or ALPA. That dismissal, under Fed. R. Civ. P. 41(a)(2), was with

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f).

prejudice. Judgment eventually was entered in favor of the Plans after the judge concluded that Hecking's disability preceded the effective date of his coverage.

In 2005 Hecking tried again, this time suing ALPA on what Hecking styles a breach-of-contract theory. He maintains that ALPA should classify him as a "reactivated" member rather than an "apprentice" member, and that this reclassification would improve his chances of obtaining disability benefits by advancing the date of his coverage so that it precedes his disability. ALPA asked the district judge to dismiss the suit as barred by claim preclusion (res judicata) in light of the 2003 litigation. The district court obliged, and Hecking has appealed.

His principal contention is that only Cohen, and not ALPA, was a party to the 2003 suit. That's wrong. A suit against an agent, as agent, *is* a suit against the principal. Hecking had to advance all of his legal theories at once. He could not try an ERISA theory in 2003, a contract theory in 2005, and some new theory in 2007. There is only one injury (loss of disability benefits), so all theories of recovery had to be consolidated in a single action. See *Herrmann v. Cencom Cable Associates, Inc.*, 999 F.2d 223 (7th Cir. 1993); *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 339 (7th Cir. 1995). As it happens, some contractual theories were advanced in 2003 but then abandoned. So the second suit is thoroughly precluded, see *Central States Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002), and the judgment of the district court is

AFFIRMED.