UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 15, 2006[*]
Decided December 15, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1733

| | |
|---|---|
| RUFUS WEST, <br>     *Plaintiff-Appellant,* | Appeal from the United States District Court <br> for the Western District of Wisconsin |
| *v.* | No. 06-C-037-S |
| JON E. LITSCHER, et al., <br>     *Defendants-Appellees.* | John C. Shabaz, <br> *Judge.* |

**O R D E R**

Rufus West, an inmate at the Wisconsin Secure Program Facility, filed suit in state court claiming that guards and medical staff denied him food and medication in violation of federal and state law. The defendants removed the suit to federal court and promptly moved for dismissal on the ground that West had sued them before in federal court on the same claims and lost. Judge Shabaz granted the defendants' motion, and West appeals.

West is housed at Wisconsin's "supermax" prison. In his earlier lawsuit, filed in the Eastern District of Wisconsin in March 2003, West claimed that guards and

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R. App. P. 34(a)(2).

medical workers often refused to deliver food or medications either because he would not comply with their commands to sit, wear pants, or remove a towel from the crown of his head or because they wanted to retaliate for his many prison grievances. West, a frequent litigator, named more than a hundred defendants. Magistrate Judge Callahan screened the complaint under 28 U.S.C. § 1915A and allowed West to proceed on several federal claims but said nothing about the state claims. The court, sitting by consent, *see* 28 U.S.C. § 636(c), then transferred the case to the Western District of Wisconsin, where West is confined. After the transfer Judge Shabaz dismissed the action without prejudice as against those named defendants West had not served with process. *See* Fed. R. Civ. P. 4(m). Among those dismissed without prejudice were Todd Evers and Lebbeus Brown, both prison employees, and Katherine McQuillan, a nurse working for a private corporation. In July 2004 Judge Shabaz dismissed the complaint with prejudice as to the remaining defendants when West failed to comply with a court order. *See* Fed. R. Civ. P. 41(b). West did not appeal the judgment.

The current litigation, which West initiated in state court in December 2005, raises the same claims as the earlier suit and names all of the same defendants plus a few more. But West managed to serve only twenty-five of the named defendants before those defendants removed the case to federal court, so for purposes here we can ignore the others. The twenty-five, which includes Evers, Brown, and McQuillan, were all named in West's prior suit, and all but those three were dismissed from the earlier case with prejudice. After West's new lawsuit was assigned to Judge Shabaz, the twenty-five served defendants moved for dismissal under Fed. R. Civ. P. 12(b)(6) on the ground that the complaint is precluded by the earlier litigation. West opposed the motion and argued under 28 U.S.C. § 144 that Judge Shabaz was prejudiced and should recuse himself. The court denied West's motion and granted the defendants' motion to dismiss.

West makes two arguments on appeal. He first contends that Judge Shabaz abused his discretion in refusing to recuse himself. According to West, Judge Shabaz could not be fair as evidenced by "arbitrary orders" the court issued in West's prior case and in other lawsuits brought by indigent inmates. This contention is frivolous. A judge must recuse himself under § 144 if a party files a timely and sufficient affidavit suggesting personal prejudice against the party. *Tezak v. United States*, 256 F.3d 702, 716-17 (7th Cir. 2001). But an affidavit is not sufficient unless it includes definite and particular facts about times, places, persons, and circumstances that would convince a reasonable person that the judge is prejudiced. *Id.* at 717. Opinions, rumors, and conjecture will not suffice, *see id.*, and almost never will adverse rulings by the judge provide a basis for seeking disqualification under § 144, *see Liteky v. United States*, 510 U.S. 540, 555 (1994); *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000). In this case West

tendered, not an affidavit, but a one-page motion relying on court orders he characterized as erroneous. Plainly this submission did not satisfy § 144.

West next argues that Judge Shabaz erred in dismissing his complaint as precluded by the prior litigation. The doctrine of claim preclusion bars relitigation of a claim decided on the merits in a prior lawsuit involving the same parties or their privies. *See, e.g., Highway J Citizens Group v. United States Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006); *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006); *Cent. States, Se. & Sw. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002). A claim in a second suit is the same as an earlier one if it arises from the same facts. *Manicki v. Zeilmann*, 443 F.3d 922, 924-25 (7th Cir. 2006); *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338-39 (7th Cir. 1995). West concedes that the claims in his two suits are identical; he also concedes that the federal claims in his first suit were decided on the merits as to the defendants he served with process in that litigation. He contends, however, that his federal claims are not precluded against Evers, Brown, and McQuillan because they were never served in the first suit. He also argues that his state claims are not precluded against any of the defendants because, in his view, the state claims were not decided on the merits when they were screened out under § 1915A.

The latter contention is incorrect. When Magistrate Judge Callahan screened West's complaint in the first suit, the court did not decline to exercise supplemental jurisdiction, *see* 28 U.S.C. § 1367(c), as West believes. The relevant statute, § 1915A, directs the court to screen out claims that are frivolous, or that could not survive a motion to dismiss under Rule 12(b)(6), or that seek damages from an immune defendant. 28 U.S.C. § 1915A(b); *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). And though Magistrate Judge Callahan did not explicitly mention the state claims when the court authorized West to proceed on several of his federal claims, we have no reason to conclude that the court was applying § 1367(c) rather than § 1915A. Effectively, then, the court dismissed the state claims with prejudice, *see Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002), which precludes West from relitigating them.

West is correct, however, that Judge Shabaz erred in relying on claim preclusion to dismiss his federal claims as to Evers, Brown, and McQuillan. A dismissal for lack of service is not an adjudication on the merits, *see* Fed. R. Civ. P. 4(m) (formerly Rule 4(j)); *Lewellen v. Morley*, 875 F.2d 118, 120 (7th Cir. 1989); *Powell v. Starwalt*, 866 F.2d 964, 965-66 (7th Cir. 1989), "so principles of preclusion do not bar the way" of West pursuing his federal claims against those three defendants. *Lewellan*, 875 F.2d at 120. And while these three defendants argue that they were in privity with their colleagues who secured a merits decision in the prior case, we have held that, under federal principles of claim preclusion, defendants sued individually are not in privity with each other. *Beard v. O'Neal*,

728 F.2d 894, 897-98 (7th Cir. 1984) (distinguishing *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381 (1940), and recognizing that while FBI agents sued in official capacity are in privity with each other, those sued in personal capacities are not). *See also Gray v. Lacke*, 885 F.2d 399, 405 (7th Cir. 1989) (holding that county employees were not in privity with county when sued in their personal capacities); *Conner v. Reinhard*, 847 F.2d 384, 395 (7th Cir. 1988) ("[C]ourts do not generally consider an official sued in his personal capacity as being in privity with the government."). West seeks damages for allegedly unconstitutional acts committed by the named defendants, so he has sued the three defendants in their individual, not official, capacities. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (citing *Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991); *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000)). And though it may well be that under Wisconsin law these defendants would be deemed in privity with their colleagues who obtained a merits decision in the prior lawsuit, *see Froebel v. Meyer*, 217 F.3d 928, 933-34 (7th Cir. 2000); *Northern States Power Co. v. Bugher*, 525 N.W.2d 723, 728 (Wis. 1995), we are concerned with a prior *federal* judgment, so Wisconsin rules of claim preclusion are irrelevant. *See Cent. States, Se. & Sw. Areas Pension Fund*, 296 F.3d at 628; *EEOC v. Harris Chernin, Inc.*, 10 F.3d 1286, 1290 n.4 (7th Cir. 1993).

The federal claims against Evers, Brown, and McQuillan were thus dismissed improperly. We note that West faces a significant obstacle given our recent decision in *Freeman v. Berge*, 441 F.3d 543, 545 (7th Cir. 2006), which holds that prison administrators may set and enforce reasonable conditions on the receipt of food, including wearing appropriate attire. But the defendants have never argued that West's complaint fails to state a federal claim, nor have they ever suggested an alternative ground that might support dismissal of his federal claims. Accordingly, the judgment of the district court is VACATED to the extent it dismisses the federal claims against Todd Evers, Lebbeus Brown, and Katherine McQuillan, and as to those three defendants the case is REMANDED for further proceedings. In all other respects, the judgment is AFFIRMED.